MORGAN, LEWIS & BOCKIUS LLP
Nicholas Schretzman, Bar No. 4753067
nicholas.schretzman@morganlewis.com
101 Park Ave.
New York, NY 10178-0060
Tel:    +1.212.309.6000
Fax:    +1.212.309.6001

Attorneys for *Amicus Curiae*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------

THOR EQUITIES, LLC,

             Plaintiff,

     v.

FACTORY MUTUAL INSURANCE
COMPANY,

             Defendant.

---------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 20 Civ. 03380 (AT)

**ITT's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

## <u>INTRODUCTION</u>

       ITT Inc. respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiff's Motion for Partial Summary Judgment on the Pleadings (ECF 32) and in opposition to the Cross-Motion for Partial Summary Judgment on the Pleadings filed by Defendant Factory Mutual Insurance Company (referred to herein as "FM") (ECF 38 & 44).  ITT has sought and received the consent of Thor Equities, LLC ("Thor") to submit this *amicus curiae* brief.  A copy of the proposed brief is attached as Exhibit A to this motion.

## <u>IDENTITY AND INTEREST OF AMICUS CURIAE</u>

       ITT Inc. is a diversified manufacturer of highly engineered critical components and customized technology solutions for the transportation, industrial, and oil and gas markets.  ITT

manufactures components that are integral to the operation of equipment systems and manufacturing processes in key markets. ITT's corporate headquarters are located in White Plains, New York.

Like Thor, ITT has properties across the United States and around the world that have been impacted by the Novel Coronavirus 2019 ("COVID-19") pandemic. Like Thor, ITT has and will continue to sustain losses including as a result of orders of civil authorities limiting, restricting or prohibiting partial or total access to multiple of its locations resulting from physical loss or damage relating to COVID-19.

Like Thor, ITT fortunately purchased a commercial property insurance policy from FM that is substantially similar to the FM policy issued to Thor. ITT's policy covers the company for "all risks of physical loss or damage" to property unless otherwise excluded. It provides the same "additional" coverages as Thor's policy. It provides the same "Time Element" coverages as Thor's policy. It utilizes substantially the same policy forms as Thor's policy. FM denied ITT's claim for COVID-19 business income losses and extra expenses – except with respect to the communicable disease response coverage part – for essentially the same reasons FM denied Thor's claim. ITT has a demonstrated interest in the outcome of this case.

## <u>RELEVANCE AND USEFULNESS OF PROPOSED BRIEF</u>

A district court has "broad discretion" to grant or deny an appearance as amicus curiae in a given case. *United States v. Ahmed*, 788 F.Supp. 196, 198 n. 1 (S.D.N.Y.1992), aff'd, 980 F.2d 161 (2d Cir.1992). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El–Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y.1994) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158-59 (E.D.N.Y.1991). "The phrase *amicus curiae* means, literally, 'friend of the court,' serving for the

benefit of the court and for the purpose of assisting the court in cases of general public interest." *Gotti*, 755 F. Supp. at 1158.

Moreover, the following *amicus curiae* brief is not untimely and will not delay the litigation. *Pratt v. Indian River Cent. Sch. Dist.*, No. 709CV0411GTSGHL, 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010) (finding that "a motion for leave to participate amicus curiae is not untimely simply because cross-motions for summary judgment have already been fully submitted. . . . Rather, the motion is untimely if it is filed after 'judgment has been rendered on those motions.'"). (Internal citations omitted).

The Court should exercise its discretion to permit ITT to file the attached *amicus curiae* brief. ITT's *amicus curiae* brief provides additional reasons and insight as to why FM's reliance on the "contamination exclusion" in its policy as an alleged basis for denying coverage is without merit. Further, counsel for ITT is familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments.

## **<u>CONCLUSION</u>**

For these reasons, ITT respectfully requests that the Court grant it leave to file the *amicus curiae* brief attached as Exhibit A.

Dated: New York, New York
October 12, 2020

MORGAN, LEWIS & BOCKIUS LLP


By: */s/ Nicholas Schretzman*
Nicholas Schretzman, Bar No. 4753067
nicholas.schretzman@morganlewis.com
101 Park Ave.
New York, NY 10178-0060
+1.212.309.6000
+1.212.309.6001

Jeffrey Raskin (*pro hac vice* forthcoming)
jeffrey.raskin@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
+1.415.442.1000
+1.415.442.1001

*Attorneys for Amicus Curiae*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that a true and correct copy of the document was served on all counsel of record through the Court's CM/ECF system.

<em><u>/s/ Nicholas Schretzman</u></em><br>Nicholas Schretzman