UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOR EQUITIES, LLC, | |
| Plaintiff, | |
| -against- | |
| FACTORY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/17/2021___

20 Civ. 3380 (AT)

**ORDER**

ANALISA TORRES, District Judge:

ITT Inc. ("ITT"), a manufacturing company for the aerospace, transportation, and industrial markets, moves for leave to file an *amicus curiae* brief in support of Plaintiff, Thor Equities, LLC's ("Thor") motion for partial judgment on the pleadings against Defendant, Factory Mutual Insurance Company ("FM"), and in opposition to the cross-motion for partial judgment on the pleadings filed by FM.  ITT Mot. at 1, ECF No. 47.  FM opposes this motion.  ECF No. 48.  For the reasons stated below, ITT's motion is DENIED.

A district court has broad inherent authority to permit or deny an appearance as *amicus curiae* in a given case.  "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties."  *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994).  The circumstances under which an *amicus* brief is considered "desirable" are limited: "an *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide.  Otherwise, leave to file an *amicus* brief should be denied."  *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (N.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

The Court finds that these considerations militate against granting ITT's request.  *El-Gabrowny*, 844 F. Supp. at 957.  ITT acknowledges, and indeed highlights, the substantial similarities between it and Thor in its motion.  ITT Mot. at 1–2.  For example, ITT, like Thor, purchased commercial property insurance from FM.  *Id*. at 2.  ITT concedes that its policy is "substantially similar" to the FM policy issued to Thor, by, for example, including the same provisions relating to "additional' coverages" and "[t]ime [e]lement coverages," and including the same policy forms as Thor's policy.  *Id*.  ITT also owns properties impacted by the COVID-19 pandemic, and has sustained losses resulting from the pandemic.  *Id*.  And, according to ITT, FM denied its claims for COVID-19 losses for essentially the same reasons FM denied Thor's claims.  *Id*.

Second, ITT posits that its *amicus* brief will provide additional reasons and insights as to why FM's reliance on the contamination exclusion provision in its policy should not serve as a

basis for denying coverage.  *Id*. at 2–3.  The parties, however, have extensively briefed the contamination exclusion issue.  *See* ECF Nos. 34, 39, 44–45.  Moreover, Thor and FM are represented by highly skilled counsel, which also renders the proposed amicus unnecessary. *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014).  Thus, the amicus brief does not "offer insights not available from the parties."  *Id*.

Accordingly, ITT's motion for leave to file an amicus brief is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 47.

SO ORDERED.

Dated: March 17, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge