```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/29/2023   
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOR EQUITIES, LLC,

                Plaintiff,

-against-

FACTORY MUTUAL INSURANCE COMPANY,

                Defendant.

20 Civ. 3380 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Thor Equities, LLC ("Thor"), brings this action against Defendant, Factory Mutual Insurance Company ("FM"), seeking damages and a judgment declaring that FM is required to pay Thor for losses arising from the COVID-19 pandemic pursuant to its property insurance policy. Compl., ECF No. 1. On March 31, 2021, the Court denied the parties' cross-motions for partial judgment on the pleadings. ECF No. 63.

Before the Court are Thor's partial motion for summary judgment, ECF No. 150, FM's motion for summary judgment, ECF No. 152, and the parties' separate letter motions to seal or redact certain summary judgment exhibits, ECF Nos. 157–58.

    I.    <u>Sealing</u>

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). Further, the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment. *Id.* at 50.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. The interests in favor of non-disclosure can include "the privacy interests of those resisting disclosure." *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted). Further, the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), but "conclusory statements that documents contain confidential

business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015).  Rather, the moving party must make a "particular and specific demonstration of fact[ ]showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted).

Here, the Court finds that the parties have adduced particular and specific facts to demonstrate that narrowly tailored redactions are "necessary to preserve higher values" of business secrecy and personal privacy.  *Lugosch*, 435 F.3d at 124; *see Telegram Grp. Inc.*, 2020 WL 3264264, at *3.  FM's redactions relate to "sensitive business information regarding the pricing, underwriting, and reinsurance of FM['s] insurance policies that is critical to FM['s] ability to compete in the insurance marketplace."  ECF No. 157 at 2.  FM has made a particular and specific showing that disclosure of this information could harm its competitive position in the insurance marketplace.  *See id.*  Likewise, Thor's sealed exhibits relate to "personal, confidential, [and] sensitive medical information."  ECF No. 158 at 1.  Personal medical information implicates "significant privacy interests" that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions.  *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting motion to seal private financial information); *see Amodeo*, 71 F.3d at 1050–51.

Accordingly, the parties' motions to seal are GRANTED.

II.   Summary Judgment

Construing the evidence in the light most favorable to Thor, *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001), the Court concludes that FM is entitled to judgment as a matter of law.  The Second Circuit has held that, under New York law, the words "physical loss or damage" are unambiguous and "do not extend to mere loss of use of a premises, where there has been no physical damage to such premises; those terms instead require actual physical loss of or damage to the insured's property."  *11012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216, 220–22 (2d Cir. 2021).  Courts in this Circuit have unanimously concluded that "the presence of the COVID-19 virus does not qualify as damage to the property itself, given the virus's short lifespan."  *Mario Badescu Skin Care Inc. v. Sentinel Ins. Co.*, 20 Civ. 6699, 2022 WL 253678, *5 (S.D.N.Y. Jan. 27, 2022) (cleaned up).

Accordingly, FM's motion for summary judgment is GRANTED.  Thor's partial motion for summary judgment is DENIED as moot.  In due course, the Court shall issue a memorandum opinion addressing the parties' summary judgment motions.  The time to file a notice of appeal shall not run until the court issues the memorandum opinion to follow.

III.   Conclusion

For the foregoing reasons, FM's motion to seal and Thor's motion to seal are GRANTED.  FM's motion for summary judgment is GRANTED, and Thor's motion for summary judgment is DENIED.

       The Clerk of Court is directed to terminate the motions at ECF Nos. 150, 152, 157, and 158.

       SO ORDERED.

Dated: September 29, 2023
       New York, New York

                                              ANALISA TORRES
                                             United States District Judge